# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| T.J. HOLLOWAY and | ) | CASE NO. 13-10921(1)(7) |
| PERE KAYE HOLLOWAY | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| T.J. HOLLOWAY and | ) | AP NO. 13-1049 |
| PERE KAYE HOLLOWAY | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VETERANS ADMINISTRATION | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter came before the Court on the Motion for Summary Judgment of Defendant Veterans Administration ("VA") to the Complaint filed against it by Plaintiffs/Debtors T.J. Holloway and Pere Kaye Holloway ("Debtors"). The Court reviewed the Motion for Summary Judgment and the accompanying Memorandum of Law in Support of the Motion for Summary Judgment of the VA and the Response filed thereto by the Debtors. For the following reasons, the Court will **GRANT** the VA's Motion for Summary Judgment. An Order granting the VA's Motion for Summary Judgment accompanies this Memorandum-Opinion.

**UNDISPUTED FACTS**

1. Debtor T.J. Holloway is a member of the United States Army. Debtor received disability compensation from the VA from 1998 to 2009.

2. Debtor returned to active duty military service on July 15, 1998.

3. Once Debtor returned to active duty military service, he received military pay but was no longer eligible for disability compensation. However, from 1998 to 2009 Debtor received $39,987.50 in overpayment of disability compensation from the VA.

4. Debtor was notified by the VA of the overpayment by letter on February 13, 2009. Debtor requested a waiver of the overpayment, which was denied by letter on July 17, 2009.

5. On July 27, 2013, Debtors filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

6. The 90th day prior to the filing of the Petition was April 28, 2013. In the month of April 2013 the VA recouped $7,150 from Debtor's active duty military pay. Over the course of the 30 days in April, the payment amounted to $238.33 per day. Thus, two days worth of pay was $476.66.

7. In May 2013, the VA recouped $5,633 from Debtor's active duty miliary pay, but refunded $5,000 of that figure. Thus, for the 90 day period prior to the filing of the Petition the VA recouped $1,109.66 from Debtor's active duty miliary pay. (2 x 476.66 + 633.00)

8. On November 1, 2013, Debtors filed this adversary proceeding seeking to recover the funds garnished from Debtor's active miliary pay during the 90 days prior to the date of the filing of the Petition pursuant to 11 U.S.C. § 522(h).

9. In response to the Debtors' Complaint, the VA contends all monies garnished by the VA constitute a permissible setoff pursuant to 11 U.S.C. § 553.

**LEGAL ANALYSIS**

  A.  <u>Summary Judgment Standard</u>.

 In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. The Rule provides in pertinent part, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

 The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986). The burden on the moving party is discharged by showing that there is an absence of evidence to support a nonmoving party's case. *Id.* Summary judgment will be appropriate if the nonmoving party fails to establish the existence of an element essential to its case and on which it will bear the burden of proof. The Court determines that the VA is entitled to summary judgment in its favor on the Debtors' Complaint as a matter of law and there are no genuine issues of material fact.

  B.  <u>The VA is Entitled to Recoup the Overpayments</u>.

 Pursuant to 11 U.S.C. § 547(b)(4)(A), if a transfer is made "on or within 90 days before the date of the filing of the Petition," the Trustee may avoid any transfer of an interest of the debtor. The Debtors in this case seek to avoid the transfer of the Debtors' property made within the 90 days prior to the date their Chapter 7 Petition was filed. During that period, it is undisputed that the VA

-3-

garnished $1,109.66 of the Debtor's wages from his active duty military pay.  The VA, however, contends that under the doctrine of recoupment it was entitled to recoup these funds from the Debtor's pay to collect the overpayment in disability payments it made to the Debtor.

In the case of *In re Vance*, 298 B.R. 262 (Bankr. E.D. Va. 2003), the Court examined the applicability of the doctrine of setoff under 11 U.S.C. § 553 and the equitable doctrine of recoupment.  For recoupment to apply, two issues must be satisfied.  First, the source of the defendant's claims must be a contract, as opposed to a government entitlement program.  Second, the claims must arise out of the same contract.  *Id.* at 267, citing *In re Thompson*, 182 B.R. 140, 147 (Bankr. E.D. Va. 1995).  These two criteria are met in this case.

First, the source of the VA's claim is contractual as opposed to a government entitlement program.  The disability benefits allotted to military personnel are not available to the general populace.  Only military personnel are entitled to these benefits and the benefits are part of the overall compensation package available to military personnel through their contract with the government.  Second, the claim recovered by the VA arises from the same contract relating to military compensation. The Debtor's disability pay is a direct result of his contract with the United States Army for his services.  The disability pay is part of his total compensation package.  The overpayment to Debtor of the disability payments and the subsequent recovery of those overpayments occurred under the same transaction.  The Debtor was unjustly enriched through the overpayments and it would be inequitable for the VA not to be allowed to recoup those overpayments from the Debtor.

In response, Debtors assert that under the Treasury Offset Program, only 15% of disposable pay from social security and federal salaries can be deducted.  Debtor contends that $231 per month

was deducted from his social security payment in addition to the recoupment of the overpayment on the disability pay amounting to greater than 15% of his disposable pay.  The Adversary Complaint filed by the Debtors in this case did not seek the recovery of any funds garnished from the Social Security Administration, and the Social Security Administration is not a party to this proceeding.  For this reason, Debtors' arguments are unavailing.

The VA properly recouped the disability overpayments from Debtor's active military pay. The funds properly recouped by the VA do not constitute a dischargeable debt.  There are no genuine issues of material fact and the VA is entitled to judgment in its favor on the claims asserted against it by the Debtors as a matter of law.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Motion for Summary Judgment on all claims asserted against the VA by the Debtors.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

                                          Joan A. Lloyd
                                          United States Bankruptcy Judge
                                          Dated:  December 3, 2015

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|    T.J. HOLLOWAY and | ) | CASE NO. 13-10921(1)(7) |
|    PERE KAYE HOLLOWAY | ) | |
| | ) | |
|           Debtor(s) | ) | |
| | ) | |
|    T.J. HOLLOWAY and | ) | AP NO. 13-1049 |
|    PERE KAYE HOLLOWAY | ) | |
| | ) | |
|           Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
|    VETERANS ADMINISTRATION | ) | |
| | ) | |
|           Defendant(s) | ) | |

## ORDER

Pursuant to the Court's Memorandum-Opinion entered this same date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendant Veterans Administration, is entitled to summary judgment as a matter of law based upon the undisputed material facts on all claims asserted against it by Debtors T.J. Holloway and Pere Kaye Holloway.

This is a final and appealable Order.  There is no just reason for delay.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  December 3, 2015